UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUNSHINE CONSTRUCTION & MAINTENANCE OF MYRTLE BEACH, LLC | CIVIL ACTION |
| VERSUS | NO: 17-1431 |
| CANNATELLI BUILDERS, INC. | SECTION: "J"(5) |

**ORDER & REASONS**

Before the Court is a *Motion to Remand to State Court* (R. Doc. 6) filed by Plaintiff, Sunshine Construction & Maintenance of Myrtle Beach, LLC ("Sunshine"), and an opposition (R. Doc. 8) thereto filed by Defendant, Cannatelli Builders, Inc. ("Cannatelli"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

**FACTS AND PROCEDURAL BACKGROUND**

This case arises from the construction of a Burger King restaurant in Amite, Louisiana ("Burger King project"). Dunaway Food Services[1] ("Dunaway") contracted with Cannatelli to renovate the Burger King restaurant. Sunshine was then hired to perform all or part of the renovation for approximately $230,000 and hired subcontractors to help renovate the Burger King. Sunshine alleges

---
[1] It appears that Dunaway is the owner of the Burger King or the manager of the Burger King project. *See* (R. Docs. 6, 8.)

that when it hired these subcontractors it was acting as Cannatelli's mandatary. Many of these subcontractors and other suppliers have not been paid for the work they performed. As a result, they have filed liens on the Burger King project and have asserted claims against Cannatelli and Dunaway. In light of these liens and claims, Cannatelli alleges that Dunaway has withheld several payments it owes Cannatelli. Sunshine also alleges that Cannatelli has failed to pay it for much of the work it performed on the Burger King project, and that Cannatelli is responsible for paying the unpaid subcontractors. Cannatelli argues that it has paid Sunshine approximately $214,000, despite the fact that Sunshine failed to complete all of its work. Cannatelli further argues that Sunshine is responsible for paying the unpaid subcontractors and suppliers for the Burger King project.

On December 10, 2016, Sunshine submitted a demand letter to Cannatelli stating that Cannatelli owes Sunshine approximately $90,000. (R. Doc. 8-2.) On December 22, 2016, Sunshine submitted another demand letter requesting Cannatelli "to compensate Sunshine in the sum of $141,124.64 which constitutes the remainder of the balance due Sunshine for all of its project expenses including all sums due and owing to any and all [subcontractors]." (R. Doc. 8-3, at 5.) On January 4, 2017, Sunshine filed suit in the Twenty-First Judicial District Court for the Parish of Tangipahoa, Louisiana against Cannatelli seeking a declaratory

2

judgment recognizing Sunshine as Cannatelli's mandatary as to any and all contracts, obligations, or other matters which arose from the Burger King project, and terminating that relationship retroactively as of January 4, 2017. (R. Doc. 1-1, at 6.) On February 2, 2017, Cannatelli removed that action to this Court on the basis of diversity jurisdiction. (R. Doc. 1.) On April 4, 2017, Sunshine filed the present motion to remand. In short, Sunshine concedes that complete diversity exists between the parties, but argues that the amount in controversy does not exceed $75,000. (R. Doc. 6-1.) In response, Cannatelli argues that the demand letters sent by Sunshine prove that the amount in controversy exceeds the $75,000 diversity jurisdiction threshold. (R. Doc. 8.) Sunshine's motion is now before the Court on the briefs and without oral argument.

## **LEGAL STANDARD**

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The amount in controversy required by § 1332(a) is currently $75,000. *Id.* The Court considers the jurisdictional

facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

When the petition is silent on the exact amount of claimed damages, the removing party bears the burden of proving "by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). The removing party can satisfy this burden either: "(1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) by setting forth *the facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). "Removal, however, cannot be based simply upon conclusory allegations." *Allen*, 63 F.3d at 1335. If the removing party can establish by a preponderance of the evidence that the amount in controversy exceeds the requisite amount, "[t]he plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000."

*Grant*, 309 F.3d at 869 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)). It is well settled that this is not a burden-shifting exercise; rather, the "plaintiff must make all information known at the time he files the complaint." *Id.*

## **DISCUSSION**

The parties do not dispute that complete diversity of citizenship exists. *See* (R. Doc. 6-1, at 4; R. Doc. 8, at 4.) Consequently, the only issue before the Court is whether Cannatelli has satisfied its burden of proving that the amount in controversy exceeds the $75,000 threshold necessary for diversity jurisdiction. The amount in controversy is not facially apparent. Sunshine seeks declaratory and monetary relief, but Sunshine filed suit in state court in Louisiana, and Louisiana's procedural rules generally do not permit plaintiffs to plead a specific amount of money damages. *Harris v. Winn-Dixie Store No. 1430*, No. 16-17697, 2017 WL 511228, at *2 (E.D. La. Feb. 8, 2017) (citing *Hammel v. State Farm Fire & Cas. Co.*, No. 06-7470, 2007 WL 519280, at *1 (E.D. La. Feb. 14, 2007)). Therefore, the Court must determine whether Cannatelli has submitted sufficient facts in controversy to establish that the jurisdictional amount is met from Sunshine's perspective. *La. Indep. Pharmas. Ass'n v. Catamaran Corp.*, No. 14-598, 2015 WL 1922599, at *6 (M.D. La. Apr. 27, 2015)

Sunshine contends that it only seeks to be recognized as Cannatelli's mandatary, for such mandatary-principal relationship

5

to be terminated retroactively, and for Cannatelli to be obligated to honor any and all obligations which Sunshine entered on behalf of Cannatelli. (R. Doc. 6-1, at 5-6.) Sunshine concedes it sent demand letters for sums in excess of $75,000, but argues that if it is recognized as Cannatelli's mandatary, the sum which would flow to Sunshine would be less than $75,000, because Cannatelli would be held liable for all sums owed to the unpaid subcontractors. Cannatelli argues that Sunshine has affirmatively asserted claims for money damages in excess of $75,000, and even if Sunshine does not seek monetary damages, Sunshine's requested declaratory relief would alleviate Sunshine of its obligation to pay over $130,000 to the subcontractors. (R. Doc. 8, at 5.) Cannatelli argues that regardless of the relief requested, the amount in controversy in this case exceeds $75,000, and Sunshine's motion should be denied *Id.*

Despite Sunshine's characterization of its complaint, Sunshine in fact seeks a declaratory judgment that it is Cannatelli's mandatary, that Cannatelli, rather than Sunshine, is responsible for paying the unpaid subcontractors, payment for all services Sunshine rendered but has not been paid for, and for an award of attorney's fees and costs. (R. Doc. 1-1, at 6-7.) "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation" from the plaintiff's viewpoint. *Catamaran Corp.*, 2015

WL 1922599, at *3 (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)).² Sunshine's December 10, 2016 demand letter to Cannatelli specifically states that "[i]t is Sunshine's position that, at this time, [Cannatelli] owes the sum of $90,478.84 to Sunshine for services rendered pursuant to the original contractual amount provided by CBI and without consideration of either the revised contract amount or any additional sums owed. . . . Please note that this sum is due and owing. Further, please note that it is Sunshine's position that the sums owed to any and all subcontractors who have not been paid in full is to be paid from this sum. . . ." (R. Doc. 8-2, at 3.) The letter goes on to state that Sunshine's subcontractors have not been paid an additional $132,887.73.³ *Id.* Sunshine's December 22, 2016 demand letter provides, in relevant part, "please accept this as a FORMAL DEMAND LETTER demanding [Cannatelli] to compensate Sunshine in the sum of $141,124.64 which constitutes the remainder of the balance due Sunshine for all of its project expenses including all sums due and owing to any and all [subcontractors]." (R. Doc. 8-3, at 5.) These demand letters were sent shortly before Sunshine filed suit, the demand letters are several pages and

---

² In *Leininger* the court also stated that "the amount in controversy in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Catamaran*, 2015 WL 1922599, at *3 n.1 (citing *Leininger*, 705 F.2d at 729).
³ The letter states, "<u>In addition to the foregoing</u>, it is my appreciation that the . . . sum presently owed to the [subcontractors] totals $132,887.73." (R. Doc. 8-2, at 3.) Thus, the demand letter makes clear that Sunshine seeks at least $90,000 in addition to $132,887.73 for the unpaid subcontractors.

detail Sunshine's position as to why it believes it is owed the sums demanded, and Sunshine has not argued in its motion to remand that the settlement demand was inflated or did not honestly assess its damages. Accordingly, these pre-petition settlement demands are "relevant evidence of the amount in controversy at the time of removal." *See Creppel v. Fred's Stores of Tenn., Inc.*, No. 13-734, 2013 WL 3490927, at *3-4 (E.D. La. July 10, 2013)[4] (citing *Carver v. Wal-Mart Stores, Inc.*, No. 08-42, 2008 WL 2050987 (M.D. La. May 13, 2008); *Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F. Supp. 969, 970-71 (M.D. La. 1995)). The "object" of this litigation from Sunshine's viewpoint is the amount of money allegedly owed to the unpaid subcontractors and additional sums of money it is allegedly owed for services rendered. Regardless of whether the Court determines that Sunshine was or was not Cannatelli's mandatary, the "value" of the object of this litigation is, by Sunshine's own admission, at least $90,478.84 and potentially in excess of $141,124.64. Both of these sums obviously exceed the $75,000 threshold to satisfy 28 U.S.C. § 1332. Therefore, Sunshine's motion to remand must be denied. Removal of this action from state court was proper because there is complete diversity of

---

[4] In *Creppel*, this Court determined that other district courts within the Fifth Circuit have considered pre-petition demand letters as evidence of the amount in controversy at the time of removal. Further, "the Fifth Circuit has generally stated that a defendant may prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 based on 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Creppel*, 2013 WL 3490927, at *3 (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

8

citizenship between the parties, and the amount in controversy at the time of removal was in excess of $75,000.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(R. Doc. 6)** is **DENIED**.

New Orleans, Louisiana this 2nd day of May, 2017.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE